**United States District Court for the Southern District of Florida**
Case No. 09 -- 61445 -- CIV -- Dimitrouleas
January 25, 2010.

Judge William P. Dimitrouleas
Federal District Court - Miami Clerk's Office
400 N. Miami Ave
Miami, FL 33128

Bradley R. Hennenfent versus Medicare at al.

Dear Judge William P. Dimitrouleas,

I have received four **order to show cause** letters with an answer due by February 1, 2010 from you. There are inefficiencies in our communication process as I just received 3 of these letters today, only 2 days before the last business day before the due date.

There is a motion before you by Attorney George Wickhorst, and perhaps others representing Humana which is working for Medicare, and perhaps other defendants.

I would like some help. My health is poor and this is a David versus Goliath situation. Fighting Medicare for a medication is an unfair process. I have been buried, literally, in 17 pounds of paperwork - I have actually weighed it - so far for this Medicare Appeal to get a simple antibiotic for intestinal bacterial overgrowth syndrome and related diagnoses. And that does not count the dozens of electronic files I have also had to deal with. Five doctors, or more, have recommended the medication based on medical need, yet it is still being denied.

This paperwork is taking virtually every hour that I should be spending on determining the rate of growth of my brain tumor, working on my gastrointestinal problems, and on my other medical problems. Attempting to do paperwork and meet deadlines for this Medicare appeal, instead of working on my own medical problems, could result in my death. Furthermore, my hands are painful, which makes typing difficult. My mind is not clear, and I almost bounced a check last week.

I have tried to get help. It is unfair that I cannot get representation. I have contacted over a dozen law firms trying to get representation. I contacted the American Bar Association, the Fort Lauderdale Bar Association, the Broward Bar Association, American health lawyers Association. I called Health Care Law attorneys and Elder Law attorneys. I called the Medicare rights Association. The bar associations have all been dead ends, usually referring me to more local bar association. The

Florida Bar Association gives me names, but nobody has been willing to take the case. I have talked to over a dozen law firms without success. And I have documented the conversations with about half of them. Some do not even return the call when they hear it is a Medicare case. I have called Florida legal assistance without any luck. I finally had to give up on representation and go "pro se" because it was my understanding that I was about to miss the deadline to file. Despite all my research, I have never found out the name of an attorney who has sued Medicare in the Federal District Court of Miami, for failure to pay for a medication, and won. Nor can I find such information on Google.

**Can you give me some attorney's names who have fought a Medicare Denial for a medication in Federal District Court in Miami and won? Will any of them take such a case on contingency?** It is particularly difficult since the small fortune I once earned has all been spent trying to stay alive.

Medicare has no helpful instructions on how to take them to court. Or how to proceed with all the paperwork once you get to court.

### The Issue of Medical Necessity

**I want to clarify that Medicare bases its medical decisions "regardless as to medical necessity." Is that legally correct?** I see this as a problem because doctors practice medicine based on medical necessity. Then apparently Medicare turns around and makes medical decisions "regardless as to medical necessity."

### Drop Defendant Lawrence LaSalle

Please drop Lawrence LaSalle from the case. I now understand that it is not appropriate to include him in this litigation as he is not representing Medicare, but is a member of the court.

### Humana Mail and Email

I am asking that Humana and all defendants accept service via mail or email.

### Humana Breach of Contract and Compendia Issues

Apparently, I am suing Humana for breach of contract as they are representing Medicare in the appeal process. Apparently, the case falls under The Social Security Act. Medicare, via Humana, has a duty to pay

for treatment prescribed and recommended by physicians, the medical literature, and deemed medically necessary. Medicare, itself, informed me that I would need to pursue the suit in the Federal District Court of Miami, as I live in Highland's Country, which is covered by that court. I am seeking approval from Humana for the current prescription of Xifaxan and for all future refills and prescriptions. Additional damages of $40,000 are listed in the complaint because the delays getting this medication have resulted in epigastric hernia, diastasis recti, and umbilical hernia. Not getting this medication in a timely manner has also caused chest pain, stress, extra doctor appointments, hearing loss, tinnitus, and neuropathy from side effects of other antibiotics taken.

Humana claims that they can deny the medication because:

"Medicare states that a prescription drug is a Part D covered drug only if it is prescribed for a medically accepted indication. This includes FDA-approved uses and off-label uses supported by a citation in the Medicare approved drug compendia (drug reference guides) - the Micromedex Drugdex Information System or the American Hospital Formulary Service Drug Information."

First, there are three compendia, not two. Second, I have repeatedly asked to be shown that the compendia are up to date. I have asked if Medicare pays the compendia for their services and have not had an answer. **Does Medicare pay the compendia for their services? Why are the compendia not open to the public if they are making life and death choices for the public?**

### *Maximus Federal Services on the Compendia*

Maximus Federal services say that: "The Part D Plan contract states, while a Medicare Prescription Drug Plan can cover off-label uses meaning for uses other than those indicated on a drug's label as approved b the Food and Drug Administration of a prescription drug, we cover the off-label use only in cases where the use is supported by certain reference book citations. Congress specifically listed the reference books that list whether the off-label use would be permitted." This again suggests that Medicare expects competency of the drug compendia and that they will be up-to-date.

"The off-label use of drugs is legally permissible. See, e.g., Weaver v. Reagen, 886 F.2d 194, 198 (8th Cir. 1989) (acknowledging that physician's off-label use of the drug AZT deviated from the conditions for which the drug was approved by the FDA but explaining that, "[a]ccepted

medical practice often includes drug use that is not reflected in approved drug labeling.")."

By relying on the three compendia (American Hospital Formulary, US Pharmacopoeia, and DRUGDEX) for life and death medical decisions, the Government has presumed that the compendia are up to date and accurate so that US Citizens will not die or suffer harm from incompetence or neglect. However, this does not seem to be the case.

"Newly published research shows that the compendia are not doing a good job keeping up with the most current research and incorporating it into their recommendations." - MedicareRights.org

The Micromedex.com website says that Micromedex is "Your source for comprehensive, unbiased, referenced drug information of unsurpassed breadth and depth." How can this be true if it 2 years behind and many syndromes are not reviewed?

The American Hospital Formulary website (ahfsdruginformation.com) says that it is "Comprehensive and Timely." How can this be true if it 2 years behind and many syndromes are not reviewed?

It appears that I do not have proof that all three drug compendia have been contacted. Medicare has provided a document from "Lexi.com" but it unclear why that was provided instead of documents from all three relevant drug compendia showing all citations for Xifaxan, with dates, for the clinical syndromes in question.

Careful review of the documentation provided by Medicare shows that no Xifaxan study after 2007 has ever been reviewed by the medical compendia so far shown to me. Thus the compendia are out of date and cannot be relied upon as adequate references on which to base my request for Xifaxan. A search of Medline reveals that 88 Xifaxan (rifaximin) studies have been published between January 1, 2008 and today. I have also seen no evidence that the drug compendia have done reviews on the use of Xifaxan in Small Intestinal Bacterial Overgrowth Syndrome, Irritable Bowel Sydrome, constipation, chronic constipation, idiopathic constipation, reflux esophagitis, dyspepsia, indigestion, heartburn, dysphagia, flatulence, eructation, gas pain, abnormal bowel sounds, abnormal feces, abdominal pain, post Clostridium difficile prophylaxis, Slow Transit, Outlet dysfunction constipation, small bowel motility disorder, gastroparesis, Disorders of the autonomic nervous system affecting gastrointestinal motility, Inflammatory and toxic neuropathy affecting the gastrointestinal motility, and Idiopathic peripheral autonomic neuropathy affecting gastrointestinal motility, and

Idiopathic peripheral autonomic neuropathy, unspecified, affecting gastrointestinal motility.

Apparently, the only reference made to the manufacturer's data is 2004, which is much too out of date to be relevant to my case.

Medicare is supposed to base its decisions based on medications being in one of three drug compendia. I have repeatedly asked during this process for proof that the compendia are up to date and for the full citations in the compendia. It would seem to me that the least the government health care system could is review the medical literature again when a case is brought up before them, although the remedy I am seeking is for Medicare to agree with five physicians that Xifaxan is appropriate in my case.

## *Humana Diagnoses Problem*

Humana keeps trying to insist there is only one diagnosis, when in fact there are 23 overlapping diagnoses pertinent to this medication and all have been documented in my medical record. It would be more accurate to say that Medicare only provides space on its Form for the attending physician to write down one diagnosis. The overlapping diagnoses make Xifaxan the only currently available appropriate antibiotic to use.

The Social Security Act states: "(C) A covered outpatient drug may be excluded with respect to the treatment of a specific disease or condition for an identified population (if any) **only if**, based on the drug's labeling ... **the excluded drug does not have a significant, clinically meaningful therapeutic advantage in terms of safety, effectiveness, or clinical outcome** of such treatment for such population over other drugs included in the formulary and there is a written explanation (available to the public) of the basis for the exclusion."

Humana Step therapy for Xifaxan in Small Bowel Intestinal Overgrowth includes ciprofloxacin, metronidazole, clindamycin, neomycin, and lactualose. I already took ciprofloxacin for this and had a bad neurologic reaction. I already took neomycin for this and had a bad neurologic reaction. In the past, I have had neurologic reactions to metronidazole and clindamycin, so they should be avoided as well. Lactulose has been ineffective. This leaves Xifaxan as the drug having **"significant, clinically meaningful therapeutic advantage in terms of safety, effectiveness, or clinical outcome** of such treatment for such population over other drugs included in the formulary."

### *Exhausting Appeals*

The second legal question is, did I exhaust all my appeals before filing this lawsuit. I believed that I had. Although as there was 17 pounds of paperwork dumped on a disabled person it is difficult to tell. However I would like not to lose the approximately $400 I have spent filing this case and serving documents. Humana has kept me confused. In a letter dated September 16th, 2009 Humana APPROVED Xifaxan for me. Sometime after that they denied it again. There have been so many steps involved that I was under the impression that all administrative avenues had been exhausted.

I called Marjorie Rhines at the Office of Medicare Hearings and Appeals today to clarify that Medicare is still denying the medication and that I have exhausted all administrative options, but I was only able to leave a message. It was previously my understanding that I had to request judicial review within 60 days of getting my last denial.

So, it is currently my understanding that the drug is being denied and there is nothing further I can do but sue. **I would ask the court to wait some time before ruling if the administrative process is not complete and was misunderstood by me so that the suit will not have to be filed again.**

Problems with the defendant's arguments can also be seen in the letter by the Medicare Appeals Council dated September 4th, 2009 which is attached to this document. Especially since the letter granting me approval for Xifaxan led me to believe that the appeal process was complete.

### Cost of Xifaxan per Year

I moved forward with the suit in Miami Federal District court because the antibiotic Xifaxan will be needed several times per year, because the neurologic damage I have appears chronic, affects GI motility, and thus the clinical syndromes will keep recurring. This is why I was given three refills on the initial prescription of 10/30/2008. In subsequent discussions with my doctor this has been reconfirmed. As such, the medication is expected to be needed at least 4 times per year. The cheapest prescription price I was able to obtain so far was $537.96 at Walgreens. However the prices have gone up since then. Four times per year at that price would be $2,151.84.

## *We Know it Works*

We are no longer discussing the issue of whether the medication might work according to the FDA, the medical literature, or the three drug compendia. We now know that the medication does work for my constellation of overlapping diagnoses and thus the situation is now different. We know the medication is so far safe and effective for me.

## *Rule in My Favor*

I would ask the court to rule in my favor ASAP as the evidence is clear and overwhelming that I benefit from the medication and am harmed by not receiving it. Or suggest that Medicare honor the letter of September 16th, 2009. Or I would as the court to motion for judgment upon default since the Drug Compendia used as references have not been shown to be consulted in full, or to be up-to-date.

My best regards,

Bradley R. Hennenfent, MD

**ELECTRONIC COPIES TO:**
Andrew Scott Berman
aberman@ybklaw.com
gwickhorst@ybkglaw.com
mherrera@ybkglaw.com
Karusha Young Sharpe
Sharpek@gtlaw.com
tassinarip@gtlaw.com

Attachments: September 16th letter from Human Approving Xifaxan



**DEPARTMENT OF HEALTH & HUMAN SERVICES**   Office of the Secretary

Departmental Appeals Board, MS 6127
Medicare Appeals Council
330 Independence Avenue
Cohen Building, Room G-644
Washington, DC 20201
(202)565-0100/Toll Free:1-866-365-8204

HIC Number:  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A
ALJ Appeal Number:  1-414730841

Bradley Hennenfent, M.D.
2327 Palm Key Court
Sebring, FL 33870

## NOTICE OF ORDER OF MEDICARE APPEALS COUNCIL REMANDING CASE TO ADMINISTRATIVE LAW JUDGE

### What This Order Means

We have sent this case back to an Administrative Law Judge (ALJ). In the enclosed order, we explain why we did this and what actions the ALJ will take on the case.

In addition to what we directed the ALJ to do, the ALJ may also take any other action needed to complete the case.

### The Next Action On This Case

An ALJ will contact you to tell you what you need to do. If you have any questions you may contact the hearing office:

> Office of Medicare Hearings and Appeals
> 100 SE 2nd St., Ste. 1700
> Miami, FL 33131
> (305) 415-7400

This notice and enclosed order were mailed on     SEP  4 2009    .

Enclosure

cc:  Maximus Federal
     Humana

DEPARTMENT OF HEALTH AND HUMAN SERVICES
DEPARTMENTAL APPEALS BOARD

## ORDER OF MEDICARE APPEALS COUNCIL
## REMANDING CASE TO ADMINISTRATIVE LAW JUDGE

| In the case of | Claim for |
|---|---|
| Bradley Hennenfent, M.D. (Appellant) | Prescription Drug Benefits (Part D) |
| Bradley Hennenfent, M.D. (Enrollee) | 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A (HIC Number) |
| Humana PDP Standard (Part D Plan) | 1-414730841 (ALJ Appeal Number) |

The Administrative Law Judge (ALJ) issued a decision dated June 17, 2009. The ALJ found that Humana is not required to authorize coverage of the drug Xifaxan for the enrollee's use. The appellant has asked the Medicare Appeals Council to review the decision.

The regulation at 42 C.F.R. § 423.620 provides that an enrollee who is dissatisfied with an ALJ hearing decision concerning Part D benefits may request that the Council review the decision. The regulation further provides that the regulations codified at 42 C.F.R. Part 422, subpart M, regarding Council review apply to "matters addressed by [subpart D] to the extent applicable." The regulation codified at 42 C.F.R. § 422.608, which governs Council review of ALJ decisions concerning managed care benefits provided under Medicare Part C, states that the regulations in 42 C.F.R. Part 405 regarding Council review "apply to matters addressed by this subpart to the extent that they are appropriate."

Pending further clarification of the above regulations, the Council has determined that it is "appropriate" to apply the standards for Council review found at 42 C.F.R. § 405.1108(a), which provide that when a party requests that the Council review an ALJ's decision, the Council will review the decision *de novo*.

The Council has carefully considered the record and the request for review. The Council has entered the request for review into the record as Exhibit MAC-1. As set forth in further detail below, the Council vacates the ALJ's decision and remands for further proceedings, including a new decision. *See* 42 C.F.R. §§ 405.1108(a) and 405.1128(a).

**PROCEDURAL HISTORY**

The enrollee has requested that Humana approve coverage of the drug Xifaxan. Initially, Humana denied coverage of Xifaxan because the enrollee had not tried and failed other medications prior to its use. Exh. 1 at 37. The enrollee responded in a letter dated November 22, 2008, in which he explained why the other medication Humana had cited was contraindicated for him. Exh. 1 at 36.

On review of the enrollee's appeal, Humana stated that the diagnosis that the prescribing physician had submitted with the initial request had been "other specified intestinal malabsorption." However, Humana also stated that it had based its decision on the diagnosis provided by the enrollee, which was "SIBO," which Humana explained stood for "small intestinal bacterial overgrowth." Exhibit 1 at 26. Humana stated that its review was based on this corrected diagnosis and concluded that Xifaxan had been prescribed for an indication that is not medically accepted. It noted that a review of DRUGDEX, one of the recognized compendia, contained a citation concerning the use of Xifaxan for "enterocolitis associated with SIBO," but the DRUGDEX recommendation level was "Class III-Not Recommended." *Id.*

In response, the enrollee requested that Humana send to him the text of the medical studies used to deny coverage for Xifaxan, including any guidelines, criteria, or clinical rationale that Humana relied on to deny coverage of the drug. *Id.* at 25. The record does not indicate whether the enrollee received a response to his request. However, in considering the enrollee's request for reconsideration, the Part D QIC/IRE requested that the prescribing physician indicate whether the enrollee had one of ten listed "indications" for Xifaxan. The prescribing physician responded that the enrollee had none of the listed indications, but "has chronic constipation." *Id.* at 17.

3

The Part D Qualified Independent Contractor (Part D QIC) denied coverage in a reconsideration decision dated February 14, 2009. *Id.* at 7-9. It stated that although the enrollee had noted that he had several indications for the use of Xifaxan, his prescribing physician had stated that the indicated use was for chronic constipation. The QIC also added that the prescribing physician had indicated that Relistor "would be started." *Id.* at 9. The Council notes that the portion of Exhibit 1 that contains the reconsideration decision also contains a summary of the IRE's research into the recognized therapeutic uses for Xifaxan including the content of at least one of the compendia, DRUGDEX. It is not clear whether this summary was provided to the enrollee along with the reconsideration decision. Exh. 1 at 11-13.[1]

## PROCEEDINGS BEFORE THE ALJ

The ALJ held a telephone hearing on June 11, 2009. The enrollee was the only participant at the hearing. He renewed his request, which he had made below, for updated copies of the drug compendia in order to determine whether or not his physician had prescribed the medication for a medically accepted indication. The enrollee stated that there were recent studies concerning the use of the medication that might affect Part D coverage. However, he had not been able to find the most recent versions of the compendia on his own. The ALJ informed the enrollee that the hearing office did not provide that type of information. There was also considerable discussion about the exact diagnosis for which the medication had been prescribed. This question was not resolved at the hearing.

During the discussions of the compendia, the hearing office staff indicated that the Part D QIC had intended to participate at the hearing. Because the enrollee was seeking information concerning the compendia on which the QIC had relied, the ALJ's staff attempted, unsuccessfully, to reach the QIC's representative by telephone. Accordingly, the Part D QIC did not participate in the hearing.

---

[1] The Council notes that the hearing record also contains policy documents concerning Part B services that appear to have no connection to Part D coverage or to the enrollee. On remand the ALJ shall remove from the record documents that do not pertain to the enrollee or to this appeal.

4

**THE HEARING DECISION**

The Council finds that the hearing decision does not adequately analyze and decide the issue in this case. The ALJ's findings of fact consist of the following:

> The appellant is suffering from several conditions which arose from trauma resulting from an automobile accident. The conditions include neurological damage and antibiotic toxicities. The appellant contends that it is possible that his constellation of illness is curable if he received Xifaxan soon enough in high enough doses. The claim was denied because there are no citations in the Medicare Part D approved drug compendia that support the use of Xifaxan for the treatment of the appellant's conditions.

Decision at 2. In the decision's analysis section the ALJ denies the requested authorization for Xifaxan on the following grounds:

> After consideration of the evidence in the record and the testimony offered by the parties, the undersigned Administrative Law Judge has determined that Humana's denial of coverage of Xifaxan was proper. Medicare law does not permit coverage for a drug when used for an indication that is not specified in one of the compendia. This is the case regardless of medical necessity. The plan is therefore under no legal obligation to pay for Xifaxan in the treatment for the appellant's conditions.

*Id.* at 5.

The Council finds that the ALJ has not resolved or decided the factual and legal issues in this case. First, he has not identified the specific medical condition for which Xifaxan has been prescribed. The only reference to this issue is a statement in the decision's procedural history section that states that Humana had denied the appeal "stating that the disease small bowel bacterial overgrowth is not a medically accepted indication." *Id.* at 1. However, as noted above, this was not the diagnosis which the prescribing physician had provided with his initial request. Moreover, as noted at the hearing, the enrollee suffers from a number of other medical problems as well. The Council finds, therefore, that further proceedings are required to determine the exact medical

5

condition for which Xifaxan has been prescribed. Without this information, it is not possible to determine whether Xifaxan has been prescribed for a medically accepted indication.

The Council also notes that although the ALJ stated that "Medicare law does not permit coverage for a drug when used for an indication that is not specified in one of the compendia," the decision does not contain any specific references to the compendia nor does it specifically find that Xifaxan is not a medically accepted treatment for the enrollee's medical condition. Accordingly, the Council directs the ALJ to not only identify the specific condition for which the medication was prescribed, but also to determine whether any of the compendia recognize Xifaxan as a medically accepted treatment for the condition.

Finally, the Council directs the ALJ to offer the enrollee the opportunity for a supplemental hearing, as well as to offer the Part D QIC the opportunity to participate. The Council also notes that the enrollee has the right to receive copies of the existing administrative record as well as any new evidence that may be introduced before or during the supplemental hearing.

The ALJ may take any further action not inconsistent with this order.

MEDICARE APPEALS COUNCIL

_M. Susan Wiley_
M. Susan Wiley
Administrative Appeals Judge


_Susan S. Yim_
Susan S. Yim
Administrative Appeals Judge

Date: SEP  4 2009

Bradley Hennenfent, M.D.
2327 Palm Key Court
Sebring, FL 33870



Humana Insurance Company
P.O. Box 14165
Lexington, KY 40512-4165

September 16, 2009

Dr. Bradley Hennenfent
2327 Palm Key Ct.
Sebring, FL 33870

RE: Bradley Hennenfent
Reference Number: 484151525315
Date(s) of Service: N/a

## Your Request Is Approved

Dear Dr. Bradley Hennenfent:

Thank you for contacting Humana with your appeal (redetermination) request. After careful review of your case, we approved your request for Xifaxan 200mg until August 14, 2010. Please have your prescribing physician submit additional clinical information to Humana Clinical Pharmacy Review at 1-800-555-2546 or by faxing your request to 1-877-486-2621 for continuation of this approval after August 14, 2010.

You may obtain – free of charge – any documents, records, clinical criteria or other information relevant to this case by submitting your request to:

> Grievance and Appeal Department
> P.O. Box 14165
> Lexington, KY 40512-4165

Please include your appeal file number – 484151525315 – with your request.

If you need assistance or have any questions, please call our Customer Service department at 1-800-457-4708. If you have a speech or hearing impairment and use a TTY, call 1-800-833-3301. Our hours are 8:00 a.m. to 6:00 p.m., Monday through Friday.

Sincerely,

*Pamela Johnson*

Tameka Johnson
Grievance and Appeal Department
**PS:** We look forward to serving you for many years to come.

Medicare-approved HMO, PPO, PDP, and PFFS plans

M0006 GNA038YSE AC0609
C0006 GNA038YSE AC0609